GEORGE S. CARDONA
United States Attorney
SHERI PYM
Assistant United States Attorney
Chief, Riverside Branch Office
JERRY A. BEHNKE
Assistant United States Attorney
California Bar Number 180462
    3880 Lemon Street, Suite 210
    Riverside, California 92501
    Telephone: (951) 276-6211
    Facsimile: (951) 276-6237
    Email: Jerry.Behnke@usdoj.gov

Attorneys for Plaintiff
United States of America

FILED
CLERK, U.S. DISTRICT COURT
AUG - 6 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  ED 07-244 M  -M |
| Plaintiff, | GOVERNMENT'S EX PARTE APPLICATION FOR ORDER SEALING COMPLAINT AND SUPPORTING AFFIDAVIT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JERRY A. BEHNKE |
| v. | |
| JOSE LUIS NAZARIO, JR., | |
| Defendant. | **UNDER SEAL** |

The government hereby applies ex parte for an order directing that the complaint and supporting affidavit in the above-titled case, together with this ex parte application, the memorandum of points and authorities, the declaration of Assistant United States Attorney Jerry A. Behnke, and this court's sealing order, be kept under seal until the initial appearance of defendant JOSE LUIS NAZARIO, Jr. before a federal magistrate judge pursuant to Rule 5 of the Federal Rules of Criminal Procedure.

This <u>ex parte</u> application is based on the attached memorandum of points and authorities and the declaration of Jerry A. Behnke.

DATED: August 6, 2007

Respectfully submitted,

GEORGE S. CARDONA
United States Attorney

SHERI PYM
Assistant United States Attorney
Chief, Riverside Branch Office

*/s/ Jerry A. Behnke*
JERRY A. BEHNKE
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

MEMORANDUM OF POINTS AND AUTHORITIES

The government requests that this court seal the complaint and supporting affidavit in this case in order to maintain the integrity of this investigation. Approval from this court to seal these documents is required under Local Rule 79-5.1. The Court of Appeals for the Ninth Circuit has held that district courts have the inherent power to seal affidavits in support of warrants. In re Sealed Affidavit (Agosto), 600 F.2d 1256 (9th Cir. 1979) (per curiam); see also Offices of Lakeside Non-Ferrous Metals, Inc., 679 F.2d 778 (9th Cir. 1982) (citing Agosto).

The Court of Appeals for the Seventh Circuit has rejected the proposition that pre-indictment disclosure of a search warrant affidavit is required under either constitutional principles or Federal Rule of Criminal Procedure 41(g). In re EyeCare Physicians of America, 100 F.3d 514 (7th Cir. 1996). In doing so, the Seventh Circuit held:

> By the very nature of a secret criminal investigation of this type, the target of an investigation more often than not remains unaware of the specific grounds upon which a warrant was issued. If preindictment disclosure of sealed warrant affidavits was required to satisfy due process (assuming there has been a predicate deprivation of life, liberty or property), the hands of law enforcement would be needlessly tied and investigations of criminal activity would be made unduly difficult if not impossible.

Id. at 517. Accord In re Grand Jury Proceedings, 115 F.3d 1240, 1247 (5th Cir. 1997).

Here, for the reasons described in the attached declaration, sealing of the complaint and supporting affidavit is necessary to maintain the integrity of the government's investigation. The government accordingly requests that the documents described in the attached declaration be maintained under seal until the initial appearance of defendant JOSE LUIS NAZARIO, Jr. before a federal magistrate judge pursuant to Rule 5 of the Federal Rules of Criminal Procedure.

## DECLARATION OF JERRY A. BEHNKE

I, JERRY A. BEHNKE, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I represent the government in the prosecution of <u>United States v. Jose Luis Nazario, Jr.</u>

2. Defendant has not been taken into custody on the charge contained in the complaint affidavit and has not been informed that he is being named as a defendant in the complaint. Further, the government's investigation into this matter is ongoing. Other individuals suspected of acting in concert with the defendant during the commission of the offense charged in the complaint have not been informed of the pending charges. The investigation into these other individuals will be jeopardized if the complaint and supporting affidavit were made publicly available before defendant made his initial appearance before a magistrate judge.

3. Accordingly, the government requests that the complaint and supporting affidavit in the above-titled case, together with this <u>ex parte</u> application, the memorandum of points and authorities, the declaration of Jerry A. Behnke, and this court's sealing order, be kept under seal until the initial appearance of defendant JOSE LUIS NAZARIO, Jr. before a federal magistrate judge pursuant to Rule 5 of the Federal Rules of Criminal Procedure. The government requests that the court's order not limit its ability to provide a copy of the criminal complaint and supporting affidavit to the defendant.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.
DATED: August 6, 2007

_____
JERRY A. BEHNKE