GEORGE S. CARDONA
United States Attorney
SHERI PYM
Assistant United States Attorney
Chief, Riverside Branch Office
JERRY A. BEHNKE (SBN: 180462)
Assistant United States Attorney
    3880 Lemon Street, Suite 210
    Riverside, California 92501
    Telephone:  (951) 276-6211
    Facsimile:  (951) 276-6202
    E-mail: Jerry.Behnke@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. ED 07-244M |
| | ) | |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S EX PARTE APPLICATION |
| v. | ) | FOR ORDER SEALING COMPLAINT; |
| | ) | DECLARATION OF JERRY A. BEHNKE |
| JOSE LUIS NAZARIO, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The government hereby applies ex parte for an order that the original, unredacted complaint and supporting affidavit be filed under seal until further order of the Court.  The government further requests an order permitting the government to file unsealed a redacted copy of the complaint.

///

///

///

///

///

///

///

This ex parte application is based on the attached memorandum of points and authorities and declaration of Jerry A. Behnke.

DATED: August 16, 2007        Respectfully submitted,

GEORGE S. CARDONA
United States Attorney


JERRY A. BEHNKE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

1    <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2         The government requests that this Court permanently seal the

3    original, unredacted complaint and supporting affidavit filed on

4    August 6, 2007.  The complaint was filed under seal, however, the

5    sealing order specified that the complaint would be unsealed once

6    defendant makes his initial appearance.  The government now seeks

7    an order that the unredacted complaint be permanently sealed in

8    order to maintain the privacy of uncharged co-participants and

9    witnesses.  The government further requests leave of Court to

10   file unsealed a redacted copy of the complaint and affidavit.  A

11   copy of the redacted version is attached hereto.  Approval from

12   this court to seal these documents is required under Local Rule

13   79-5.1.  The Court of Appeals for the Ninth Circuit has held that

14   district courts have the inherent power to seal affidavits in

15   support of warrants.  <u>In re Sealed Affidavit (Agosto)</u>, 600 F.2d

16   1256 (9th Cir. 1979) (per curiam); <u>see also</u> <u>Offices of Lakeside</u>

17   <u>Non-Ferrous Metals, Inc.</u>, 679 F.2d 778 (9th Cir. 1982) (citing

18   <u>Agosto</u>).

19        In <u>United States v. Smith</u>, 776 F.2d 1104 (3rd Cir. 1985),

20   the Third Circuit affirmed an order of the District Court sealing

21   portions of a bill of particulars that contained names of

22   unindicted coconspirators.  <u>Id.</u> at 1113.  The court recognized

23   that disclosing the names contained in the bill of particulars

24   would reveal to the public that the government believed the

25   persons named therein may be guilty of a crime.  Until formal

26   charges are filed against such persons, the government has a

27   compelling interest in protecting the privacy of the named

28   individuals.  <u>Id.</u> at 1114.

1    Here, the government is not seeking to seal the entire
2  affidavit.  The government only seeks redaction of information
3  identifying the co-participants and witnesses to protect their
4  privacy.  The facts surrounding the charges against defendant
5  will be made public through the redacted affidavit.  The
6  government believes this approach satisfies both the government's
7  interest in protecting the privacy of the named individuals while
8  allowing public access to the facts related to the charges
9  against defendant.

<u>DECLARATION OF JERRY A. BEHNKE</u>

I, Jerry A. Behnke, declare as follows:

1.   I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I represent the government in this case.

2.   On August 6, 2007, the complaint and supporting affidavit were filed under seal.  The sealing order states that the complaint is to be unsealed upon defendant's initial appearance.  The government now requests that the original, unredacted complaint and supporting affidavit be kept under seal because the affidavit (which is incorporated into the complaint) identifies uncharged co-participants and witnesses.

3.   The government further requests leave of Court to file unsealed a redacted version of the complaint that omits names and identifying information of the uncharged individuals.  The redacted affidavit still contains reference to the factual allegations supporting the charge in the complaint.  A copy of the proposed redacted version is attached hereto.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED:   8/16/07

JERRY A. BEHNKE

CRIMINAL COMPLAINT

COPY

| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |

LODGED

| UNITED STATES OF AMERICA | DOCKET NO. |
| v. | 2007 AUG -6 AM 11:58 |
| JOSE LUIS NAZARIO, JR. | MAGISTRATE'S CASE No. |

CLERK U.S. DISTRICT COURT
RIVERSIDE OF CALIF.
RIVERSIDE

**07 - 0244M**

Complaint for violation of Title 18, United States Code, Sections 1112, 3238, and 3261(a)(2).

| NAME OF MAGISTRATE JUDGE | UNITED STATES | LOCATION |
| HONORABLE JOHN C. RAYBURN, JR. | MAGISTRATE JUDGE | RIVERSIDE, CA |

| DATE OF OFFENSE | PLACE OF OFFENSE | ADDRESS OF ACCUSED (IF KNOWN) |
| NOVEMBER 9, 2004 | FALLUJAH, IRAQ | |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

On or about November 9, 2004, in Fallujah, Iraq, defendant JOSE LUIS NAZARIO, JR., in heat of passion caused by adequate provocation, unlawfully and intentionally killed two unarmed male human beings, without malice.

It is further alleged that, at the time of the offense, defendant JOSE LUIS NAZARIO, JR. was a member of the Armed Forces subject to chapter 47 of Title 10. Namely, defendant JOSE LUIS NAZARIO, JR., a United States citizen not ordinarily resident in Iraq, was enlisted in the service of the United States Marine Corps in Iraq at the time of the alleged offense.

It is further alleged that the current residence of defendant JOSE LUIS NAZARIO, JR. within the United States is located in the city of Riverside in Riverside County, California, within the Central District of California.

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:
(See attached affidavit which is incorporated as part of this Complaint)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE:

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT |
| | MARK O. FOX |
| | OFFICIAL TITLE |
| | SPECIAL AGENT |
| | NAVAL CRIMINAL INVESTIGATION SERVICE |

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE(1) | DATE |
| JOHN C. RAYBURN, JR. | AUGUST 6 , 2007 |

1) See Federal Rules of Criminal Procedure rules 3 and 54.

CJK:cp REC:Bond

QB

A F F I D A V I T

I, Mark O. Fox, being duly sworn, hereby depose and say:

1.    I am a Special Agent with the Naval Criminal Investigative Service.   I have been so employed since April 1982. I have earned a Bachelor of Arts degree in Political Science, and I am a graduate of the Federal Law Enforcement Training Center at Glynco, Georgia.

2.    This affidavit is submitted in support of an arrest warrant and a criminal complaint charging JOSE LUIS NAZARIO, JR. ("NAZARIO") with a violation of Title 18, United States Code, Section 1112, Voluntary Manslaughter, with jurisdiction arising under Title 18, United States Code, Sections 3238 and 3261(a)(2). Specifically, there is probable cause to believe that NAZARIO, while enlisted on active duty in the service of the United States Marine Corps in Iraq, and who presently resides in Riverside County, in the Central District of California, on or about November 9, 2004, in Fallujah, Iraq, while in the heat of passion caused by adequate provocation, did commit voluntary manslaughter by unlawfully and intentionally killing two unarmed male human beings, without malice.

3.    The facts and information set forth in this affidavit are based on my personal observations, my training and experience, and, as specifically attributed below, information obtained from law enforcement officers, reports, and witnesses. To the extent that any information in the affidavit is not within

my personal knowledge, it has been made available to me through reliable law enforcement sources, and I believe such information to be true.  This affidavit is made for the sole purpose of demonstrating probable cause for the issuance of the requested complaint and arrest warrant, and does not purport to set forth all of my knowledge of, or investigation into, this matter.

## FACTS SUPPORTING PROBABLE CAUSE

4.  On November 9, 2004, United States and Iraqi military forces were engaged in combat operations in city of Fallujah, Iraq, in an effort to remove insurgents from the city.  Among the forces engaged in the combat operation were the members of 3rd Squad, 3rd Platoon, K Company, 3rd Battalion, 1st Marine Regiment, 1st Marine Division ("3rd Squad").  At that time, NAZARIO was an enlisted member of the United States Marine Corps and was assigned as the Squad Leader of 3rd Squad.

5.  On November 9, 2006, I interviewed former United States Marine Corps ███████ ███████ ("████").  From this interview, I learned the following information:

a.  ████ participated in the killing of several unarmed males while on active duty and deployed with the United States Marine Corps in Fallujah, Iraq, in 2004.  ████ identified his position at the time of the killings as that of a ████████ with 3rd Squad.  ████ identified NAZARIO as

2

███████'s squad leader and immediate supervisor on November 9, 2004.

b.  On November 9, 2004, while searching a house, ██████, NAZARIO, and fellow Marines assigned to the 3rd Squad encountered and detained three to five males.  NAZARIO told ██████ they needed to "take care of them" so they could move with the rest of their advancing unit.

c.  ████████ grabbed one of the males, drew his pistol, and shot the male twice in the chest.  ████████ did not examine the male after he shot him, but assumed he was dead.

d.  ███████ identified United States Marine ██████████ ████████████████████, ██████████████████████ as a possible witness.

6.  On December 5, 2006, I interviewed United States Marine Corps ████████████████████████ ("████████").  ████████ acknowledged that he was present with ████████ and NAZARIO when they encountered four unarmed males in an unknown house in Fallujah, Iraq on November 9, 2004.  From my interview with ████████████ I learned the following:

a.  On November 9, 2004, ████████████ was assigned to 3rd Squad.  On that date, 3rd Squad's objective was to move to the center of the city, clearing the city of insurgents as they advanced.  Early on November 9, 2004, 3rd Squad came under enemy fire and a member of 3rd Squad was killed.  Later, 3rd Squad began

3

taking fire from a nearby house and, after the fire was suppressed, ▮▮▮▮▮ and other Marines were assigned to search the house.

   b.   Inside the house, the Marines encountered four males. After detaining the four males, ▮▮▮▮▮ and other Marines searched the house and found AK-47 rifles and ammunition. NAZARIO then placed a call on his radio to an unknown Marine. ▮▮▮▮▮ heard NAZARIO say something to the effect that they had detained four military-age males, they had found weapons and ammunition, and they had just taken fire from the house. After ending his radio conversation, NAZARIO said that he was asked, "Are they dead yet?" to which NAZARIO responded "Negative." NAZARIO said he was told to "Make it happen." NAZARIO then grabbed one of the two youngest males and instructed ▮▮▮▮▮ to grab the other and take him into another room.

   c.   Next, ▮▮▮▮▮ heard a gunshot coming from the room where ▮▮▮▮▮ had taken his prisoner. He related that seconds later, he heard the sound of a gunshot coming from one of the home's bedrooms. According to ▮▮▮▮▮, when he turned toward the sound of the second gunshot, he observed NAZARIO lowering his rifle from an "aimed-in" position to a "low-ready" position and saw one of the four detained males on the floor in front of NAZARIO, lying on his back. ▮▮▮▮▮ concluded that the detained male had been shot dead by NAZARIO.

4

    d.    After NAZARIO shot the detained male, he exited the room and asked, "Who else wants to kill these guys, because I don't want to do it all myself."

    e.    ████████ then observed NAZARIO motion to two other Marines in the house to bring the remaining two males to him. According to ████████, one of the males entered the room occupied by NAZARIO while the second waited at the doorway.  At this point, ████████ turned to exit the house.  As he turned, he heard a gunshot, followed by about a twenty-second pause and a second gunshot.  ████████ believed NAZARIO shot and killed the two remaining males.

    f.    ████████ stated that United States Marine Corps ██████████████████ was present in the house when the shootings occurred.  At the time of the shootings, ████████ held the rank of ████████.

    6.  On December 6, 2006, I interviewed United States Marine Corps ████████ ██████████████ ("████████").  From my interview with ████████, I learned the following information:

    a.    ████████ was present with NAZARIO in an unknown house in Fallujah, Iraq, on November 9, 2004, when United States Marines killed four unarmed males.

    b.    Someone saw movement from a nearby house and ████████ NAZARIO, ████████ and other Marines were ordered to search the house.  When they entered the house, they encountered and

5

detained four males.  After detaining the four males within the house, NAZARIO told other Marines to search the house.  The Marines found AK-47s and ammunition.  NAZARIO then called an unknown individual on his issued radio and told him/her that four males had been found in the house.

      c.   Following the radio transmission, NAZARIO told both ███ and ███ he had been asked, "Are they dead yet?" NAZARIO then indicated to ███ and ███ that they had to go, using words to the effect of "We can't be here all day."  NAZARIO then said, "You know what has to be done."

      d.   NAZARIO then grabbed one of the four detained males and led him into a room, believed by ███ to be a kitchen.  Shortly thereafter, ███ heard a gunshot come from the direction of the kitchen.  When ███ looked into the kitchen, he observed NAZARIO standing above the male, who was laying on the floor.  From his observations, ███ believed that NAZARIO had shot the male in the head.  Based on the large pool of blood on the floor surrounding the male's head, ███ concluded that the male was dead.

      e.   NAZARIO then ordered both ███ and ███ to each kill one of the three remaining detained males.  NAZARIO stated that he would kill the last male himself.

      f.   NAZARIO then shot a second detained male in the head with his rifle.  After doing so, ███ noticed brain matter

and blood on the muzzle of NAZARIO's rifle and all over NAZARIO's boots.

g. ████ then observed ████ shoot the detained male under his (████'s) control with his pistol.

h. Next, NAZARIO asked ████ "Yo, are you done yet? We have to go." ████ then took the detained male under his (████'s) control and shot him in the back of the head.

7. Based on my investigation, I have also learned that NAZARIO has been discharged from the Marine Corps and now resides in the city of Riverside, Riverside County, within the Central District of California. He is currently employed as a sworn Police Officer with the Riverside Police Department, Riverside, California.

## CONCLUSION

8. Based on the above information, I believe there is probable cause to believe that NAZARIO, while enlisted on active duty in the service of the United States Marine Corps in Iraq, and who presently resides in Riverside County, in the Central District of California, on or about November 9, 2004, in Fallujah, Iraq, while in the heat of passion caused by adequate provocation, did commit voluntary manslaughter by unlawfully and intentionally killing two unarmed male human beings, without malice, in violation of Title 18, United States Code, Section

7

1112, Voluntary Manslaughter, with jurisdiction arising under Title 18, United States Code, Sections 3238 and 3261(a)(2).

_____
Mark O. Fox
Special Agent
Naval Criminal Investigative Service

SWORN AND SUBSCRIBED TO BEFORE ME
THIS _____6_____ DAY OF AUGUST, 2007

JOHN C. RAYBURN, JR.
_____
HONORABLE JOHN C. RAYBURN, JR.
UNITED STATES MAGISTRATE JUDGE