```
 1  THOMAS P. O'BRIEN
    United States Attorney
 2  SHERI PYM
    Assistant United States Attorney
 3  Chief, Riverside Branch Office
    JERRY A. BEHNKE (SBN: 180462)
 4  CHARLES J. KOVATS (SBN: 184185)
    Assistant United States Attorneys
 5       3880 Lemon Street, Suite 210
         Riverside, California 92501
 6       Telephone:  (951) 276-6211
         Facsimile:  (951) 276-6202
 7       E-mail: Jerry.Behnke@usdoj.gov

 8  Attorneys for Plaintiff
    UNITED STATES OF AMERICA
 9
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. ED CR 07-127-SGL |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) | <u>OPPOSITION TO MOTION FOR</u> |
|  | ) | <u>DISCOVERY; EXHIBIT</u> |
| v. | ) |  |
|  | ) |  |
| JOSE LUIS NAZARIO, JR., | ) | Hearing Date: December 17, 2007 |
|  | ) | Hearing Time: 2:00 p.m. |
| Defendant. | ) |  |

     Plaintiff, United States of America, through its counsel of record, Assistant United States Attorneys Jerry A. Behnke and Charles J. Kovats, hereby opposes defendant's motion for discovery. This opposition is based on the attached points and authorities, exhibit, the files and records in this case, and any

///

///

///

additional evidence or argument presented at the hearing on the motion.

DATED: December 3, 2007

Respectfully submitted,

THOMAS P. O'BRIEN
United States Attorney

SHERI PYM
Assistant United States Attorney
Chief, Riverside Branch Office

          /s/
_____
JERRY A. BEHNKE
CHARLES J. KOVATS
Assistant United States Attorneys

Attorneys for Plaintiff
United States of America

2

TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . ii

**POINTS AND AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . 3

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . 3

II.  FACTS UNDERLYING THE PRESENT INDICTMENT . . . . . . . . . . . 3

III. DISCOVERY PRODUCED . . . . . . . . . . . . . . . . . . . . . . 5

IV.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.   The Scope of the Government's Discovery
        Obligation . . . . . . . . . . . . . . . . . . . . . . . 5

    B.   The Government Must Only Disclose Material
        Which the Government Has Knowledge of and
        Access To . . . . . . . . . . . . . . . . . . . . . . . 7

    C.   Even if Other DOD Components Are Part of the
        Prosecution Team for Discovery Purposes,
        Defendant Has Failed to Establish Materiality
        of Much of the Information He Seeks . . . . . . . . . 10

    D.   Defendant's Discovery Request . . . . . . . . . . . . 11

TABLE OF AUTHORITIES

PAGE(S)

FEDERAL CASES:

<u>Brady v. Maryland</u>,
    373 U.S. 83 (1963) . . . . . . . . . . . . . . . . . . . passim

<u>Giglio v. United States</u>,
    405 U.S. 150 (1972) . . . . . . . . . . . . . . . . 6, 13, 14

<u>United States v. Avellino</u>,
    136 F.3d 249 (2nd Cir. 1998) . . . . . . . . . . . . . . . . 9

<u>United States v. Grace</u>,
    493 F.3d 1119 (9th Cir. 2007) . . . . . . . . . . . . . 7, 12

<u>United States v. Harris</u>,
    543 F.2d 1247 (9th Cir. 1975) . . . . . . . . . . . . . . 12

<u>United States v. Pelullo</u>,
    399 F.3d 197 (3rd Cir. 2005) . . . . . . . . . . . . . . . . 9

<u>United States v. Roberts</u>,
    811 F.2d 257 (4th Cir. 1987) . . . . . . . . . . . . . . . 11

<u>United States v. Santiago</u>,
    47 F.3d 885 (9th Cir. 1995) . . . . . . . . . . . . . . passim

<u>United States v. Shryock</u>,
    342 F.3d 948 (9th Cir. 2003) . . . . . . . . . . . . . . . . 7

<u>United States v. Sukumolachan</u>,
    610 F.2d 685 (9th Cir. 1980) . . . . . . . . . . . . . 12, 13

<u>United States v. Wood</u>,
    57 F.3d 733 (9th Cir. 1995) . . . . . . . . . . . . . . . 8, 9

FEDERAL STATUTES:

Title 18, United States Code:

    Section 3500 . . . . . . . . . . . . . . . . . . . . . . . . 6

RULES:

Federal Rules of Criminal Procedure:

    Rule 16 . . . . . . . . . . . . . . . . . . . . . . . . 6, 10

    Rule 16(a)(1)(E) . . . . . . . . . . . . . . . . . . . . . 13

TABLE OF AUTHORITIES (Cont'd.)

PAGE(S)

RULES:

Federal Rules of Criminal Procedure:

    Rule 16(a)(2) . . . . . . . . . . . . . . . . . . . 6

    Rule 404(b) . . . . . . . . . . . . . . . . . . . 14

    Rule 609 . . . . . . . . . . . . . . . . . . . . 14

**POINTS AND AUTHORITIES**

I.  INTRODUCTION

Defendant has filed a motion for an order compelling the government to search for and produce various materials, including materials believed to be held by the United States Marine Corps ("USMC"), United States Navy ("USN"), Naval Criminal Investigation Service ("NCIS") and Department of Defense ("DOD").

As explained further below, much of the material sought by defendant has already been produced by the government or simply does not exist. Thus, the pertinent issue for purposes of this motion is whether the government is compelled to search the files of all DOD components for the materials sought by defendant that have not already been produced. The government believes that it has satisfied its discovery obligations and, to the extent defendant requests additional material, his motion should be denied on the grounds that (1) DOD components beyond the NCIS are not part of the prosecution team for purposes of discovery; and (2) even if all DOD components are part of the prosecution team, defendant has not established that the requested discovery is material to the defense of this matter.

II. FACTS UNDERLYING THE PRESENT INDICTMENT[1]

Defendant is charged with manslaughter in the shooting deaths of several detainees who had been captured by defendant's

---

[1] The following facts are taken from the redacted affidavit of NCIS Special Agent Mark Fox in support of the criminal complaint in this matter, a copy of which is attached hereto as Exhibit 1.

3

squad in Fallujah, Iraq, in November 2004.  At the time of the offense, defendant was a squad leader in the USMC.  Defendant's squad was taking part in a combat operation to clear the city of Fallujah of enemy insurgents.

On November 9, 2004, the first day of the combat operation, defendant's squad was assigned to clear a house in the city. According to the Marines who were present at the house, when the Marines entered the house, they were immediately confronted by four unarmed males.  The Marines detained the four males and then conducted a search of the house.  The Marines found AK-47s and ammunition.

Some of the Marines then saw defendant place a call over his radio and report the situation.  According to Marines in the house, after the radio conversation, defendant told the other Marines that he was asked "Are they dead yet," to which he responded "negative."  Defendant then said he was told to "make it happen."  Defendant told the other Marines in the house something to the effect of, "You know what has to be done." Defendant then grabbed one of the detained males and led him into another room and shot him in the head.  According to one Marine, at that point defendant said something to the effect of, "Who else wants to kill these guys, because I don't want to do it all myself."  Defendant then ordered other Marines to kill two of the detainees and defendant shot the fourth detainee himself.

4

III. DISCOVERY PRODUCED

To date, the government has provided defendant 1166 pages of discovery, including witness statements, military records, casualty reports, briefing materials and photographs. The government has also provided approximately 16 compact discs containing audio recordings of witness statements, photographs, and military personnel records of the defendant. Finally, the government has provided both audio recordings and transcripts of consensually monitored phone calls involving the defendant.

To date, defendant has not provided any discovery to the government.

IV. ARGUMENT

A. <u>The Scope of the Government's Discovery Obligation</u>

While the government has voluntarily produced much of the material sought by defendant, the government is not legally compelled to search for and produce all of the materials he is seeking in his motion. The primary discovery rule in criminal cases is Federal Rule of Criminal Procedure 16, which sets forth discovery obligations for both defendant and the government. Under that rule, the government is required to produce (1) any oral statement made by defendant in response to interrogation by a government agent that the government intends to use at trial; (2) any written or recorded statement of the defendant; (3) a copy of defendant's prior criminal record; (4) documents or objects that are material to the defense, that the government intends to use at trial, or that were taken from the defendant;

5

(5) reports of physical or mental examinations or scientific tests that are material to the defense or that the government intends to use at trial; and (6) a written summary of any expert testimony that the government intends to use at trial.  The rule specifically excludes from disclosure "any reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case."  Fed.R.Crim.P. 16(a)(2).

In addition to the requirements of Rule 16, the government must also disclose any exculpatory information pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and any information material to the credibility of government witnesses pursuant to Giglio v. United States, 405 U.S. 150 (1972).  Also, after government witnesses have testified on direct examination, the government must upon motion by defendant produce any written or recorded statement of the witness that relates to the subject matter about which the witness testified.  18 U.S.C. § 3500 ("Jencks Act").

As described above, the government has voluntarily produced extensive discovery that exceeds the scope of its discovery obligations.  However, to the extent that defendant now seeks an order compelling discovery beyond that required by law, his motion should be denied.

To the extent defendant urges this Court to order discovery based on the supervisory authority of the Court, such order cannot exceed the scope of discovery required by law.  See United States v. Grace, 493 F.3d 1119, 1128 (9th Cir. 2007)(holding

trial court erred in issuing discovery order that exceeded requirements of Rule 16).

B.   The Government Must Only Disclose Material Which the
     Government Has Knowledge of and Access To

The government is required to turn over Brady material "when the prosecutors have knowledge of and access to the documents sought by the defendant." United States v. Shryock, 342 F.3d 948, 983 (9th Cir. 2003). The government has and will continue to search for and produce any discoverable material within the possession of the United States Attorney and NCIS. NCIS is the agency responsible for conducting this investigation. However, defendant contends that because NCIS is within the Department of Defense and because defendant was employed within the USMC at the time of the offense, that the government's discovery obligation extends to any material within the custody and control of the DOD. Additionally, defendant asserts that because jurisdiction arises under the Military Extraterritorial Jurisdiction Act ("MEJA") that the entire DOD is considered to be part of the prosecution team.

The cases relied upon by defendant are inapposite. First, defendant cites United States v. Santiago, 47 F.3d 885 (9th Cir. 1995), for the proposition that non-investigative agencies are part of the prosecution team for discovery purposes. In that case, the Ninth Circuit held that prisoner files held by the Bureau of Prisons ("BOP") that contained Brady information related to government witnesses were discoverable. The Ninth

Circuit concluded that the requested BOP records were considered to be in the possession and control of the United States Attorney for discovery purposes.  In so holding, the court noted that (1) the BOP participated in the initial investigation and located much of the physical evidence used by the government; (2) the prosecutor had obtained the defendant's BOP files; and (3) BOP is another branch of the Department of Justice.  <u>Id.</u> at 893-894.  However, the court also explained that the United States Attorney is not deemed to have imputed knowledge and possession of files of all federal agencies.  <u>Id.</u> at 894.

Similarly, in <u>United States v. Wood</u>, 57 F.3d 733 (9th Cir. 1995), the Ninth Circuit held that "the agency charged with administration of the statute, <u>which has consulted with the prosecutor in the steps leading to prosecution</u>, is to be considered as part of the prosecution. . ."  <u>Id.</u> at 737 (emphasis added).  There, Wood was charged with several counts related to obstructing the FDA and distribution of GHB.  The Ninth Circuit determined the FDA was part of the prosecution team because it was "the agency interested in the prosecution."  <u>Id.</u>  Here, the agencies interested in the prosecution within the meaning of <u>Santiago</u> and <u>Wood</u> are the United States Attorney and NCIS.  The other DOD components, including the Navy and Marine Corps, are beyond the scope of the prosecution team for discovery purposes.  While NCIS and the USMC are both within the Navy Department, USMC and the USN are large entities whose primary tasks involve the defense of this country and not the investigation of criminal

matters. The investigative branch of the Navy and USMC is NCIS. Additionally, DOD components are outside the Department of Justice and their files and records are not accessible to the United States Attorney's Office. <u>See</u> <u>United States v. Pelullo</u>, 399 F.3d 197, 218 (3rd Cir. 2005)(holding entire Department of Labor ("DOL") not part of prosecution team even though some DOL agents participated in investigation where other DOL components had not played role in criminal investigation). Indeed, such a broad reading of the government's discovery obligation would be unworkable. <u>See</u> <u>United States v. Avellino</u>, 136 F.3d 249, 256 (2nd Cir. 1998)(explaining that "imposition of an unlimited duty on a prosecutor to inquire of other offices not working with the prosecutor's office on the case in question would inappropriately require us to adopt a 'monolithic view of government' that would 'condemn the prosecution of criminal cases to a state of paralysis'").

C.  <u>Even if Other DOD Components Are Part of the Prosecution Team for Discovery Purposes, Defendant Has Failed to Establish Materiality of Much of the Information He Seeks</u>

A party seeking discovery under Rule 16 must first make a showing that the information sought is material. <u>Santiago</u>, 47 F.3d at 894. This requires defendant to present facts tending to show that the government possesses information that would be helpful to the defense.[2] <u>Id.</u> In establishing materiality,

---

[2] Defendant cites to the declaration of Matthew Cord to establish materiality of the material sought. However, defendant's reliance on this declaration is misplaced and utterly

9

neither a general description of the information sought nor conclusory allegations will suffice.  Id.  In Santiago, the Ninth Circuit held that Santiago had failed to establish the materiality of BOP inmate files.  Santiago was charged with the murder of a fellow BOP inmate and the prosecution introduced evidence of Santiago's gang affiliation.  Some of the witnesses were other BOP inmates.  Defense counsel sought BOP files for the inmate witnesses asserting that, for impeachment purposes, he would need to know whether any witnesses were linked to rival gangs and that BOP records were critical.  Id.  The Ninth Circuit concluded that Santiago failed to meet the materiality requirement.  The court explained that Santiago's counsel made only "conclusory allegations" about the information sought and did not reference any specific facts to establish materiality. Id. at 895.  In the present case, defendant also fails to establish materiality of any of the information he seeks.  In fact, defendant's assertions do not even rise to the level of the "conclusory allegations" deemed insufficient in Santiago.

---

inappropriate for a variety of reasons. First, defendant fails to even establish what the facts and circumstances of the cited cases were.  Because evidence is relevant in one case does not automatically make it relevant in all cases.  Second, the cited cases were prosecuted in a military court by a military prosecutor under different rules of discovery.  Therefore, the government reserves its right to cross examine the declarant and requests that the declarant be made available at the hearing on this matter.  In the alternative, the government requests that the declaration be stricken as irrelevant.

D.  Defendant's Discovery Request

Defendant's motion is quite broad and generalized. In fact, in his argument, defendant engages in extensive discussion regarding the government's obligation to disclose several types of documents that do not even exist in this case.[3] Therefore, the government will confine its specific responses to defendant's 39 "categories" of materials cited at pages 2 through 10 of his brief.

1. The government has produced copies of defendant's statements as well as copies of statements by other persons involved in the offense. However, the Court should not order the government to provide discovery of any statements beyond defendant's own statements. See United States v. Roberts, 811 F.2d 257, 258-259 (4th Cir. 1987)(en banc)(holding statements of co-conspirators not discoverable under Rule 16, rather, disclosure controlled by Jencks Act). Furthermore, defendant has not provided any facts to establish that other statements exist that are being withheld by the government.

2. The government has instructed the agent to retain any rough notes of interviews and will treat such notes as potentially discoverable under the Jencks Act, unless such notes

---

[3] For instance, defendant argues that the government must disclose (1) "copies of all warrants, inventories, and affidavits in support thereof, so that he might know what warrants, if any, the government relied upon to seize property" (Def. Brief p. 22); (2) Jencks material "at the time of the hearing on the motion to suppress evidence" (Def. Brief p. 30) when there is no pending motion to suppress; and (3) copies of any application for court-ordered wire taps (Def. Brief at 32).

reveal exculpatory information in which case they will be treated as <u>Brady</u> material.  <u>See</u> <u>United States v. Harris</u>, 543 F.2d 1247, 1250-1253 (9th Cir. 1975).

    3-5.  The government will continue to produce any exculpatory material pursuant to <u>Brady</u>/<u>Giglio</u>.

    6.  The government opposes defendant's request for material that relates to joinder or severance of defendants.  Such material amounts to government work product and is not discoverable.

    7.  The government opposes defendant's request for the names, serial number and present assignment of all personnel involved in the investigation.  Such discovery is not mandated by any rule or case law.  Indeed, the government need not provide any witness list in a non-capital case.  <u>United States v. Sukumolachan</u>, 610 F.2d 685, 688 (9th Cir. 1980); <u>Grace</u>, 493 F.3d at 1129-1130.

    8.  The government has and will continue to provide discovery of documents or objects that are material to the defense, that the government intends to use at trial, or that were taken from the defendant.  Fed.R.Cr.P. 16(a)(1)(E).

    9.  The complaint references recorded telephone calls involving defendant.  Copies of those calls have been produced to defendant.  There was no pen register involved.

    10.  The government will disclose any reports of physical or mental examinations or scientific tests that are material to the defense or that the government intends to use at trial.  To date,

none exist that the government is aware of.

12. (Defendant skipped number 11) The government will disclose a written summary of any expert testimony that the government intends to use at trial as required by Rule 16.

13-16.  The government need not provide any witness list in a non-capital case.  <u>Sukumolachan</u>, 610 F.2d at 688.  The Committee Notes to the 1975 Enactment clearly state that the intent behind the rule was to prevent either party from being required to disclose the names and addresses of witnesses prior to trial in non-capital cases.  However, in this case the government has voluntarily provided to defendant the names of the witnesses to the offense as well as copies of those witnesses' statements to investigators.

17-21.  The government has and will continue to provide discovery pursuant to <u>Brady</u> and <u>Giglio</u>.  However, to the extent the defendant requests that the government seek out such information beyond what it has already disclosed, defendant has not set forth any specific facts to establish materiality.  <u>See</u> <u>Santiago</u>, 47 F.3d at 895.

22.  The government has and will continue to provide discovery pursuant to <u>Brady</u> and <u>Giglio</u>.  Beyond that, defendant's discovery request is overly-broad and is not supported by any factual showing to permit a more specific response.

23-24.  Defendant fails to make any factual showing to establish materiality of the information sought.

25.  The government will make inquiry regarding any

13

government agents who will testify at trial pursuant to Henthorn. However, the government will not submit such files to the Court. The government will conduct its own review of the files and will only seek in camera review if there is questionable material.

26. The government has informed defendant that grand jury transcripts and other Jencks material that has not already been disclosed will be disclosed one week before trial assuming (1) a court order has been issued for such disclosure; and (2) defendant agrees to reciprocal discovery at that time.

27. The government is unaware at this time of any Rule 609 or 404(b) material.

28-29. The government has provided and will continue to provide copies of or make available for inspection by defendant any exhibits or documents it intends to use at trial.

30. The government does not know what defendant seeks in this request. In any event, defendant fails to make any factual showing to establish materiality of the information sought

31. Defendant fails to make any factual showing to establish materiality of the information sought or to even establish what, if any, surveillance he is referring to.

32. Defendant cites no authority for the proposition that sentencing information is discoverable prior to trial.

33. Defendant fails to make any factual showing to establish materiality of the information sought.

34. No evidence or samples were seized from defendant. Beyond that, defendant fails to make any factual showing to

establish materiality of the information sought.

35. The government has provided and will continue to provide copies of or make available for inspection by defendant any exhibits or documents it intends to use at trial and will provide disclosure of any expert witness it intends to call at trial. The government has informed defendant that there are no autopsies in this case.

36. The government has provided and will continue to provide copies of or make available for inspection by defendant any exhibits or documents it intends to use at trial. Beyond that, defendant fails to make any factual showing to establish materiality of the information sought.

37. Defendant fails to make any factual showing to establish materiality of the information sought.

38. Defendant fails to make any factual showing to establish materiality of the information sought.

39. Defendant fails to make any factual showing to establish materiality of the information sought. Fallujah is a city of more than 300,000 people and the combat operations on November 9, 2004 involved thousands of personnel. Furthermore, the events at issue took place inside a residence. Thus, even if photos depicting "the events of November 8-11, 2004 in Fallujah, Anbar Province, Iraq" exist, defendant has not established materiality of the photos.