Kevin B. McDermott, Esq.  (CB#109182)
17452 Irvine Blvd #200
Tustin, CA 92680
Telephone:  (714) 731-5297
Fax:  (714) 731-5649  warlawyer@aol.com

Douglas L. Applegate, Esq. (CB# 109155)
dlapplegate@earthlink.com

Attorneys for Defendant Jose Luis Nazario, Jr.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>JOSE LUIS NAZARIO, JR.,<br><br>     Defendant. | Case No.  ED CR 07-127 SGL<br><br>**NOTICE OF MOTION AND MOTION FOR BILL OF PARTICULARS** [Federal Rules of Criminal Procedure, Rule 7]<br><br>Judge Stephen G. Larson<br>Date:  3/4/2008<br>Time:  1:30 p.m.<br>Dept.:  1<br>Action Filed: 9/4/07 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO THE UNITED STATES OF AMERICA AND ITS COUNSEL:**

**PLEASE TAKE NOTICE** that on March 4, 2008 at 1:30 p.m. in the courtroom of the Honorable Stephen G. Larson the defendant Jose Luis Nazario, Jr. ("Defendant") will and does move for an order that the government to file and serve a Bill of Particulars, disclosing the requested particulars necessary to the defense of this case, pursuant to Rule 7(f), Federal Rules of Criminal Procedure.

This motion is supported by the Indictment filed herein and the attached Memorandum of Points and Authorities.

-1-

**MOTION AND MOTION FOR BILL OF PARTICULARS**

# MEMORANDUM OF POINTS AND AUTHORITIES

A. <u>INTRODUCTION</u>:

Defendant Jose Luis Nazario, Jr. is charged by indictment with two counts of killing unknown individuals on or about November 9, 2004. The state of the discovery in this case reveals the following facts germane to this motion.

The backdrop for the allegations is the city of Fallujah, Iraq during Operation Al Fajr, initially known as Operation Phantom Fury, conducted on or about November 8 through November 22, 2004, inflicted more than 3,000 insurgent killed in action. The operation sought to first isolate and then eradicate domestic and foreign insurgents infested within the city limits of Fallujah.

The operation commenced only after extensive efforts by Coalition Forces to encourage non-insurgent residents to leave the city. That effort caused the mass exodus of tens of thousands of individuals from the city. At the onset of the operation, the intelligence reports and the general perception among the command and the troops strongly indicated that the vast majority of individuals left behind were insurgents and spoiling for a fight. In fact, in shaping the battlefield, the City of Fallujah had developed into a "killing ground" without any recognized Iraqi Federal or local government authorities. So much so that Multi National Forces Iraq and relaxed the Rules of Engagement in comparison to the rest of Iraq. These RoEs had an impact, at the very least, on the sheer number to killings in Fallujah and on the conduct Coalition Forces, including Iraq Army units, involved in Operation Al Fajr. To say that John Doe #1 and John Doe #2 were killed does nothing to distinguish their alleged deaths from the other more than 3,000 unknown, unidentified insurgent deaths during Operation Al Fajr.

Action commenced on or about November 8, 2004 with the attack upon a train depot on the outskirts of the city. It did not end until on or about November

**MOTION AND MOTION FOR BILL OF PARTICULARS**

22, 2004 when it was determined that every structure in the city had been searched and cleared. The bulk of the action was carried out by various elements of the United States Marine Corps. Third Battalion, First Marine Division, 3/1, was one of the elements. Through the course of the operation, this battalion, consisting of approximately 1500 Marines suffered 23 dead and 307 wounded. Defendant Nazario, a Sergeant in the Marine Corps, was a squad leader within 3/1. Sgt. Nazario fought with his unit for the entire length of the operation and earned the Navy/Marine Corps Achievement Medal with the Combat "V" devise for valor occurring during a battle with insurgents known in Marine Corps' lore as "Hell House."  It can be assumed that during this armed conflict, Sgt. Nazario engaged the enemy often and throughout the operation.

The Government has alleged that the killings of unknown John Doe #1 and John Doe #2 occurred on or about the second day of the operation, November 9, 2004. To date, the Government has not provided the defense with any forensic evidence in support of the counts.

Investigators for the Government *apparently* do claim to have located a site that the alleged killings occurred. This claim is based upon a photograph taken a Marine who photographed the exterior of a house in Fallujah. He recalled taking the photograph for posterity sake, as it was the first occasion he was able to use his technical skills in the battlefield; this Marine is a demolition expert and at that location, he was required to blow open a safe. From this photograph, investigators gleaned a location within the city and subsequently contacted the occupants of the house. The occupants were interviewed and claimed to have been in Syria for medical treatment at the time of the operation. Further, they told investigators that they returned to the house and did not observe any bodies or any evidence of conflict in the house.  To date, the undersigned has not been informed as to whether the occupants claimed to have a safe and whether they observed the safe to have been blown.

**MOTION AND MOTION FOR BILL OF PARTICULARS**

In the most recent discovery provided to the defense, there are numerous photographs provided that appear to have been taken at night and appear to depict a home's exterior and interior. Individuals in the photographs, believed to be investigators, are observed taking measurements and conducting other measures similar to a crime scene investigation. No results of that investigation have been provided to date.

B. <u>PARTICULARS REQUESTED</u>:

Defendant Nazario, Jr. respectfully requests

(1) The identity of alleged victims described in the indictment only as "John Doe #1" and "John Doe #2"; and

(2) A more specific location where Defendant allegedly "upon a sudden quarrel and heat of passion, caused by adequate provocation, unlawfully and intentionally killed John Doe #1 and John Doe #2 . . ."

C. <u>ARGUMENT</u>:

Because of the adumbrated charging instrument concerning the location of the alleged crime and the identity of the victims, Defendant cannot possibly prepare an adequate defense. Needless to say, Rule 7(d), Federal Rules of Criminal Procedure, allows the Court to direct the filing of a Bill of Particulars. Defendant submits that the instant indictment fail to advise the Defendant of sufficient facts necessary for the preparation of his defense in this particular case.

Rule 7(f) was amended in 1966 to eliminate the requirement of a showing of cause and to encourage a more liberal attitude towards Bills of Particulars, without taking away the discretion that courts must have in dealing with such motions in individual cases. <u>Moore's Federal Practice</u>, §7.07(2). Foremost among the functions of a Bill of Particulars is to enable a defendant to prepare adequately for his defense, avoid surprise at trial and plead his conviction or acquittal in bar of another prosecution for the same offense when the indictment itself is to vague and

indefinite. United States v. Giese, 597 F.2d 1170, 1180 (9th Cir.), cert. den.. 444 U.S. 979, 100 S.Ct. 480 (1979). *See generally in support* Will v. United States, 389 U.S. 90, 88 S.Ct. 269, (1967); United States v. Andrino, 501 F.2d 1373 (9th Cir. 1974); United States v. Long, 706 F.2d 1054 (9th Cir. 1983); and United States v. Dicesare, 765 F.2d 890 (9th Cir. 1985).

In United States v. Bortnovsky, 820 F.2d 572 (2nd Cir. 1987), the Second Circuit Court of Appeals reversed a conviction because the trial court failed to grant a Bill of Particulars. Id. at 575. In Bortnovsky, the defendants were indicted for engaging in a scheme to defraud through the submission of false and inflated insurance claims. The government, claimed the appellants, failed to specifically inform the defense of the identity of false documents they allegedly prepared or conspired to prepare. Id. at 574. The government countered with the "quantity" response, by providing over 4,000 documents to defense counsel in pretrial discovery proceedings, it claimed that it had met its obligation.

The Court concluded that the failure of the district court to compel the government to reveal crucial information hindered the defense:

> Appellants were forced to explain the events surrounding eight actual burglaries and to confront numerous documents unrelated to the charges pending. In effect, the burden of proof impermissibly was shifted to appellants. While we commend the government for cooperating in the turning over of documents prior to trial, we do not look with favor on the manner in which the government conducted the prosecution. The relevance of key events was shrouded in mystery at the commencement of and throughout the trial. The government did not fulfill its obligation merely by providing mountains of document to defense counsel who were left unguided as to which documents would be proven falsified or which of some fifteen burglaries would be demonstrated to be staged. . . In sum, we find that the district court erred by failing to grant a bill of Particulars

**MOTION AND MOTION FOR BILL OF PARTICULARS**

> which was vital to appellants' understanding of the charges pending and to the preparation of a defense and which would have prevented the government in its attempt to proceed furtively.

Id. at 574-75.

A year later, the Second Circuit Court of Appeals reversed another case because of the government's failure to respond adequately to a Bill of Particulars. United States v. Davidoff, 845 F.2d 1151 (2nd Cir. 1988). Davidoff and nine other co-defendants had been charged in a twenty-eight count indictment alleging a RICO conspiracy and various extortion offenses. The RICO conspiracy count alleged extortion offenses that "included, buy were not limited to," the violations set forth in the four remaining counts of the indictment. Id. at 1153. Not only did the court reverse the case for the failure of the district court to order the government to respond to the bill of Particulars, but went on to add:

> Nor can the government excuse the lack of a Bill of Particulars by contending that information... was contained in Jencks Act statements of prosecution witnesses turned over to Davidoff, some during jury selection and some during trial.

See: Unived States v. Rosenthal, 793 F.2d 1214, modified on other grounds, 801 F.2d 378 (11th Cir. 1986), cert. den., 480 U.S.1377, 107 S.Ct. 1377 (1987).

The Courts have generally granted such motions when the issue is identity of alleged victims. United States v. Orena, 32 F.3d 704 (2nd Cir. 1994); United States v. Wilson, 431 F.Supp.2d 364 (E.D.N.Y. 2006).

**MOTION AND MOTION FOR BILL OF PARTICULARS**

It is anticipated that the government will object to the filing of particulars, claiming that the act will restrict or freeze its proof at trial. However, Rule 7(f) provides that particulars "may be amended at any time subject to such condition as justice requires." United States v. Davidoff, 845 F.2d at 1155.

E. CONCLUSION:

It is submitted that the requested particulars are necessary to the defense of this case. No evidentiary information is sought, only information that will enable the defendant to adequately defend his position at trial, given the rather amorphous allegations concerning the specific location of the "unlawful" killings of John Doe #1 and John Doe #2.

Dated: February 6, 2008

By:/S Douglas L. Applegate
Kevin B. McDermott
Douglas L. Applegate
Attorneys for Defendant,
JOSE LUIS NAZARIO, JR.

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss.
COUNTY OF ORANGE )

I, the undersigned, say: I am and was at all times mentioned a citizen of the United States and a resident of the County of Orange, over the age of eighteen years and not a party to the within action or proceeding; that my business address is 18301 Von Karmon Ave., Suite 210, Irvine, California 92612, that on February 6, 2008, I served the within:

**NOTICE OF MOTION AND MOTION AND MOTION FOR BILL OF PARTICULARS** [Federal Rules of Criminal Procedure, Rule 7]

on all parties in said action, by emailed PDF attachments pursuant to agreement with Assistant United States Attorney JERRY A. BEHNKE, as follows:

JERRY A. BEHNKE (SBN: 180462)
CHARLES J. KOVATS (SBN: 184185)
Assistant United States Attorneys
3880 Lemon Street, Suite 210
Riverside, California 92501
Telephone: (951) 276-6211
Facsimile: (951) 276-6202
E-mail: Jerry.Behnke@usdoj.gov

I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I certify under penalty of perjury under the laws of the United States and the State of California, that the foregoing is true and correct.
Executed on February 6, 2008, at Irvine, California.

/S
Declarant

-8-