# PRIORITY SEND

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>     v.<br><br>JOSE LUIS NAZARIO, JR.,<br><br>             Defendant. | Case No. EDCR 07-00127 SGL<br><br>CRIMINAL STANDING ORDER<br><br>1.    Setting Final Pretrial Conference for June 23, 2008, at 2:00 p.m.<br><br>2.    Setting Jury Trial Date of July 8, 2008, at 9:30 a.m. |

**READ THIS ORDER CAREFULLY.  IT CONTROLS THE CASE**

**AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES**.

**The above matter is set for trial before the Honorable Stephen G. Larson, United States District Judge, Courtroom One, United States District Court, Eastern Division, Second Floor, Riverside,  California.**

**Motions:**

      1.      Pretrial motions shall be filed no later than March 28, 2008.  Oppositions shall be filed no later than April 4, 2008.  Replies, if any, must be filed on or before April 11, 2008.

2.      Hearing on motions is set for April 21, 2008, at 3:00 p.m., and a hearing on the Pretrial Conference as well as any motions-in-limine are set for June 23, 2008, at 2:00 p.m.

3.      Jury Trial is set for July 8, 2008, at 9:30 a.m.

**Discovery and Notice:**

4.      Counsel for the Government and counsel for the defendant shall comply promptly with discovery and notice matters pursuant to Fed. R. Crim. P. 12, 12.1, 12.2, 12.3, 15, and 16.

**Motions In Limine:**

5.      Before filing any motion in limine, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion in limine or to eliminate as many of the disputes as possible.  It shall be the responsibility of counsel for the moving party to arrange for this conference.  The conference shall take place in person within five calendar days of service upon opposing counsel of a letter requesting such conference.  Unless counsel agree otherwise, the conference shall take place at the office of the counsel for the government.  If both counsel are not located in the same county in the Central District, the conference may take place by telephone.  The moving party's letter shall identify the testimony, exhibits, or other specific matters alleged to be inadmissible and/or prejudicial, shall state briefly with respect to each such matter the moving party's position (and provide any legal authority which the moving party believes is dispositive), and specify the terms of the order to be sought.

6.      If counsel are unable to resolve their differences, they shall prepare a Joint Motion in limine.  The Joint Motion in limine shall consist of one document signed by all counsel.  The Joint Motion in limine shall contain a clear identification of the testimony, exhibits, or other specific matters alleged to be inadmissible and/or prejudicial and a statement of the specific prejudice that will be suffered by the moving party if the motion is not granted.  The identification of the matters in dispute shall be followed by each party's

-2-

contentions and each party's memorandum of points and authorities.  The title page of the Joint Motion must state the hearing date for the motions in limine and the trial date.

7.     Joint Motions in limine made for the purpose of precluding the mention or display of inadmissible and/or prejudicial matter in the presence of the jury shall be accompanied by a declaration from the moving party that includes the following:  (a) a clear identification of the specific matter alleged to be inadmissible and/or prejudicial;  (b) a representation to the Court that the subject of the motion in limine has been discussed with opposing counsel, and that opposing counsel has either indicated that such matter will be mentioned or displayed in the presence of the jury before it is admitted in evidence or that counsel has refused to stipulate that such matter will not be mentioned or displayed in the presence of the jury unless and until it is admitted in evidence;  and (c) a statement of the specific prejudice that will be suffered by the moving party if the motion in limine is not granted.

8.     Unless ordered by the Court, no supplemental or separate memorandum of points and authorities shall be filed by either party in connection with any motion in limine.

9.     The Court will not consider any motion in limine in the absence of a joint motion or a declaration from counsel for the moving party establishing that opposing counsel:  (a) failed to confer in a timely manner;  (b) failed to provide the opposing party's portion of the joint motion in a timely manner;  (c) refused to sign and return the joint motion after the opposing party's portion was added.

10.    Unless otherwise ordered by the Court, motions in limine will be heard at the Final Pretrial Conference.  Unless the Court in its discretion otherwise allows, no motions in limine may be filed or heard on an ex parte basis, absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party.

11.    The failure of any counsel to comply with or cooperate in the foregoing procedures will result in the imposition of sanctions, including a resolution of the issue

-3-

1    against the party refusing to cooperate.

2    **Trial Preparation:**

3         12.    Counsel shall arrive at the Courtroom not later than 8:30 a.m. on each day of

4    trial.

5         13.    Counsel for the Government shall present the Courtroom Deputy Clerk with the

6    following documents no later than 8:30 a.m. on the first day of trial:

7              a.    Three copies of the Government's witness list.

8              b.    Three copies of the Government's exhibit list in the form specified by

9                    Local Rule 16.5 (Civil).

10             c.    All of the Government's exhibits.  The exhibits must have official exhibit

11                   tags and the tags must bear the same number as that shown on the

12                   exhibit list.  Defendant's counsel need not deliver his/her exhibits to the

13                   Clerk on the first day of trial;  however, defendant's counsel is

14                   responsible for affixing completed exhibit tags with the case name and

15                   case number to the exhibits to be used in the defendant's case.

16                   Exhibits shall be numbered 1, 2, 3, 4, etc.  If there is an enlargement of

17                   an existing exhibit, counsel shall designate it with the number of the

18                   original exhibit followed by an "A."  Counsel for the Government should

19                   be aware that the Court will order that exhibits such as firearms and

20                   narcotics remain in the custody of the agents during the pendency of the

21                   trial.  The agent will be required to sign the appropriate form to take

22                   custody of the exhibits.  It shall be the responsibility of the agents to

23                   produce the items for court, secure them at night, and guard them while

24                   in the courtroom.  Exhibit tags are available at the filing window in the

25                   Clerk's Office.

26             d.    A bench book containing a copy of all exhibits.  Counsel for the

27

28                                                -4-

1    Government shall mark each exhibit with tabs indicating the exhibit

2    number.  The defendant's counsel shall provide the Court with a copy of

3    the defendant's exhibits as introduced.

4    14.    If counsel need to arrange for the installation of their own equipment, such as

5    video monitors or overhead projectors, counsel shall notify the Courtroom Deputy Clerk no

6    later than 4:00 p.m. two (2) days before trial so that the necessary arrangements can be

7    made.

8    15.    Trial days are usually Tuesday through Friday, 9:30 a.m. to 4:30 p.m., with a

9    morning and an afternoon break and a lunch recess from 12:00 to 1:15 p.m.

10   16.    Each day before trial commences, the Court will give counsel an opportunity to

11   discuss administrative matters and anticipated procedural or legal problems.  If these issues

12   arise during the trial, inform the Courtroom Deputy Clerk.

13   **Jury Instructions and Verdict Forms**:

14   17.    Jury instructions in the form described in paragraph 19 shall be submitted no

15   later than the Wednesday of the week prior to trial.  Counsel need only submit proposed

16   substantive instructions.  The Court will formulate general instructions based primarily on the

17   format set out in the most recent edition of the Ninth Circuit Manual of Model Criminal Jury

18   Instructions for the Ninth Circuit.

19   18.    The parties must submit joint jury instructions.  In order to produce the

20   instructions in a timely manner, the parties shall meet and confer sufficiently in advance of

21   the required submission date with the goal of agreeing upon instructions and verdict forms.

22   The jury instructions shall be submitted as follows: (1) joint jury instructions, i.e., those

23   instructions to which all parties agree;  and (2) disputed jury instructions, i.e., those

24   instructions propounded by a party to which another party objects.  The party objecting to

25   the disputed instructions shall file its objections no later than the Friday before the trial.  The

26   party must state the reasons for the objection, provide a proposed alternative instruction with

27

28                                           -5-

1  supporting authority (if appropriate), and provide copies of all authorities (not just citations).

2  Each requested jury instruction shall be numbered and set forth in full on a separate page,

3  citing the authority or source of the requested instruction except on the "jury copy" described

4  below.

5          19.     The Court will send a copy of the jury instructions into the jury room for use by

6  the jury during deliberations.  Accordingly, in addition to the file copies, an extra set of the

7  proposed instructions shall be submitted to the Court with only the text of an instruction on

8  each page (i.e., no titles, supporting authority, indication of party proposing, etc).  This will be

9  referred to as the "jury copy" of the instructions.

10         20.     An index page shall accompany all jury instructions that are submitted to the

11 Court.  The index page shall indicate the following:

12                 a.      The number of the instruction;

13                 b.      A brief title of the instruction;

14                 c.      The source of the instruction;  and

15                 d.      The page number of the instruction.

16                 EXAMPLE:

17     Number              Title          Source              Page Number

18     1                   Duty of the Jury    9th Cir. 1.01       1

19         21.     If counsel seek a special verdict, counsel shall follow the procedure set forth in

20 paragraph 19 in order to formulate a joint proposed verdict form.  Counsel shall submit the

21 proposed verdict form with the proposed jury instructions.

22         22.     With the hard copy, counsel shall provide a copy of the proposed jury

23 instructions and special verdict  forms on a 3½ inch diskette or compact disk (CD-ROM), in

24 WordPerfect format (X3 or earlier versions).

25 **Instructions Governing Procedure During Trial:**

26         23.     Counsel shall rise and stand when addressing the Court, including objecting to

27

28                                              -6-

opposing counsel's questions.  In jury cases, counsel shall rise when the jury enters or leaves the courtroom.

24.     Counsel shall not refer to their clients by their first names during trial.

25.     Counsel shall not discuss the law or argue the case in opening statements.

26.     When objecting, counsel shall state only "objection" and the legal ground for the objection (e.g., hearsay, irrelevant, etc.).  Court permission is needed to argue an objection, and the argument must be outside of the hearing of the jury.

27.     The Court reserves the time from 8:30 to 9:30 a.m. to handle legal and administrative matters outside of the presence of the jury.  The trial before the jury will commence promptly at 9:30 a.m.  Counsel are urged to anticipate matters which may need discussion or hearing outside of the presence of the jury and to raise them during this period.

28.     Counsel shall not approach the clerk or the witness box without the Court's permission.

29.     Counsel shall address all remarks to the Court.  Counsel shall not directly address the Courtroom Deputy Clerk, the Courtroom Reporter, or opposing counsel.  Counsel must ask the Court for permission to talk off the record in order to speak with opposing counsel.  Counsel shall address all requests for the re-reading of questions or answers and all requests to have an exhibit placed in front of a witness to the Court.

30.     Counsel shall not make an offer of stipulation unless he/she has conferred with opposing counsel and believes that the stipulation will be accepted.  Any stipulation of fact will require the defendant's personal concurrence and shall be submitted to the Court in writing for approval.  A proposed stipulation should be explained to him/her in advance.

31.     While Court is in session, counsel may not leave the counsel table to confer with investigators, secretaries, or witnesses in the back of the courtroom unless the Court grants  permission to do so in advance.

32.     When a party has more than one lawyer, only one of the lawyers may conduct the examination of a given witness and only that same lawyer may handle objections during the testimony of that witness.

33.     If a witness was on the stand before a recess or adjournment, counsel shall have the witness back on the stand and ready to proceed when Court resumes.

34.     If there is more than a brief delay between witnesses, the Court may deem that the party has rested.

35.     The Court attempts to cooperate with witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be examined out of sequence.  Counsel should discuss this issue with opposing counsel.  If there is an objection, confer with the Court in advance.

The courtroom deputy clerk is ordered to serve a copy of this Order on counsel at the Post-Indictment Arraignment Proceedings, by mail, facsimile or e-mail on counsel for all parties to this action.

Dated: March 4, 2008

STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE

-8-

1

# <u>Judge Larson's E-Filing Memorandum Attachment</u>

2

3
Counsel shall e-file all civil and criminal filings for Judge Larson pursuant to General Order 08-02, filed on March,  2008 (**<u>superseding</u>** General Order No. 07-08).  Although the procedure is set forth in great detail in General Order 08-02, generally, the procedure consists of the following three steps:

4

5
Step 1:    All *non-signature* items shall be <u>e-filed</u> in **pdf format**
All *proposed signature items* shall be <u>e-filed</u> as **a separate document** in **pdf format**

6

7
Step 2:    All proposed *signature* items shall be <u>e-mailed</u> to the chambers mailbox: **sgl(***underscore***)chambers@cacd.uscourts.gov** in **Word** or **Wordperfect format**

8

9

10
Step 3:    A <u>paper copy of all e-filed documents shall be delivered to chambers</u> **by no later than 10:00 a.m. the following day.** All copies delivered to chambers shall have the Notice of
E-filing attached.

11

12

13
## FOR UNDER SEAL FILINGS:

14
Process documents the traditional way, but attach <u>Notice of Manual Filing</u> to the paper copies delivered to chambers.

15

16
**Any signature item submitted in connection to under seal practice (i.e., proposed order granting application) must be e-mailed to the chambers mailbox <u>contemporaneously</u> with the manual filing of the under seal application itself.**

17
**DO NOT OMIT ANY OF THE ABOVE STEPS.**

18
For any additional questions, please refer to the General Order or call the helpline @ 213-894-0242

19

20

21

22

23

24

25

26

27

28