O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOSE LUIS NAZARIO, JR. )<br>)<br>Defendant. )<br>_____ | Case No. ED CR 07-127-SGL<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

On September 4, 2007, a federal grand jury charged defendant Jose Luis Nazario, Jr ("defendant"), a former United States Marine, with two counts of voluntary manslaughter in violation of 18 U.S.C. §§ 1112, 3261(a)(2).

The Indictment alleges that on November 9, 2004, defendant unlawfully killed two unidentified individuals. The parties do not dispute that the alleged killing took place incident to a search of a residence in which weapons were recovered during the Battle of Fallujah, also known as Operation Phantom Fury, in Iraq.

Defendant seeks to dismiss the Indictment on the grounds that the trial will necessarily reach non-justiciable political questions that can and should only be

answered by the executive branch, and that Congress did not intend that Military Extraterritorial Jurisdiction Act to apply to cases such as the instant one.

I

The political question doctrine, premised on the principal of separation of powers, prevents "federal courts from intruding unduly on certain policy choices and value judgments that are constitutionally committed to Congress or the Executive Branch." Koohi v. U.S., 976 F.2d 1328, 1331 (9th Cir. 1992).

Defendant fails to demonstrate that adjudication of this case would intrude on any policy choices or value judgments of the politically-accountable branches. Here, unlike any of the cases relied upon by defendant, the executive branch is actually prosecuting this case and, as explained below, the legislative branch has expressly provided this Court with jurisdiction to hear this particular type of case.

Moreover, in Koohi the Ninth Circuit rejected defendant's primary contention that conduct during authorized military operations is beyond judicial review. There, in rejecting application of the political question doctrine to a negligence lawsuit by relatives of deceased passengers of an airline shot down by a U.S. Navy warship during combat operations, the Ninth Circuit concluded that federal courts are competent to determine the merits of such claims and the extent of the relief to which plaintiffs would be entitled. Id. at 1332. Nothing about the conduct having occurred during military operations rendered the lawsuit "judicially unmanageable." Id. at 1331. Defendant provides this Court with no adequate legal basis to reject or distinguish the Ninth Circuit's finding in Koohi.

## II

The Military Extraterritorial Jurisdiction Act, 18 U.S.C. § 3261(a)(2), provides:

> Whoever engages in conduct outside the United States that would constitute an offense punishable by imprisonment for more than 1 year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States . . . while a member of the Armed Forces subject to chapter 47 of title 10 (the Uniform Code of Military Justice) . . . shall be punished as provided for that offense.

The express language of this statute provides federal courts with jurisdiction to hear criminal cases where, as here, the alleged crime was committed prior to discharge from the Armed Services.

Given the clear and unambiguous language of the statute, and the reasonableness of a statute that prevents discharge from the military from serving as a shield to prosecution for crimes committed while in military service, this Court declines defendant's invitation to explore the thicket of congressional intent surrounding the statutes implementation.

III

The Motion to Dismiss is DENIED.

Pursuant to stipulation of the parties, trial in this matter shall commence on July 8, 2008, at 9:30 a.m.

Dated:  April 28, 2008

*[signature]*

STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE

4