LAW OFFICES OF
# Kevin Barry McDermott
ATTORNEY AT LAW

Kevin Barry McDermott*

17452 IRVINE BLVD., SUITE 200
TUSTIN, CALIFORNIA 92780

(714) 731-5297 (LAWS)
(714) 731-5649 (Fax)
(800) 723-6580 (Voice Pager)
warLawyer@aol.com

* Licensed to Practice in all
State and Federal Courts
for California and Florida
and all Military Courts
Worldwide

June 6, 2008

Via U.S. Mail & facsimile
951-276-6237

U.S. Department of Justice
United States Attorney
Central District of California
3880 Lemon Street, Suite 210
Riverside, California 92501

Attn: AUSA Jerry A. Behnke

Re: <u>United States v. Jose Nazario</u> ED CR 07-127 SGL
    Your ltr dtd June 5, 2008

Dear Mr. Behnke,

This correspondence shall lay the foundation for our objection to the Court's standing order in light of the present state of the discovery and to notify you of our objection to every issue raised in your letter. In light of the fact that you have yet to reveal your witnesses and the evidence you intend to offer in your case in chief and your failure to disclose grand jury testimony, the defense cannot possibly identify potential motion in limine issues at this point and will not attempt to do so until the defense has a complete understanding of the Government's intended case in chief.

This issue of disclosure prior to limine motions was the particular reason that I asked the Court and yourself to consider an earlier disclosure of the grand jury testimony. You have rejected such a request as the defense has yet to receive a copy of the transcript. If you intend to bow to the strict dictates of Jencks, the defense will only be able to address potential issues within the time frame dictated by Jencks.

Additionally, the lack of witness and exhibit lists at this point makes the Court's standing order unworkable. Without identifiable witnesses, evidence, proffers and the like, this order expects the defense to read your mind to discern your intentions at trial. The defense can't and won't be held to such a requirement.

Matter in point, consider Issue 6 that you identified in your correspondence. You intend to offer the hearsay statement of Weemer made to two other squad mates *after* the events occurred for the purpose of showing a past event may have taken place. It is not a

discussion of Weemer's intent or present state of mind or conduct to occur in the future. I would not have been able to anticipate a limine motion on that issue because I could not conceive the offer ever being made. The state of the law and the discussion of the Rule by House Judiciary Committee clearly make such a proffer totally unreasonable.

You can expect a more thorough discussion of our objections to your proffered Issues. Whether your date of June 12 is acceptable will totally depend upon our ability to address this matters that until June 5, 2008 where totally unknown to the defense. In any event, the objections to these issues will be completed prior to the next court date.

In the interim, please consider releasing your witness and evidence lists and the grand jury transcript.

Sincerely,

LAW OFFICES OF KEVIN BARRY Mc DERMOTT

BY KEVIN BARRY Mc DERMOTT
KBMjj

cc: Co-counsel