```
 1  THOMAS P. O'BRIEN
    United States Attorney
 2  SHERI PYM
    Assistant United States Attorney
 3  Chief, Riverside Office
    JERRY A. BEHNKE (SBN: 180462)
 4  CHARLES J. KOVATS (SBN: 184185)
    Assistant United States Attorneys
 5       3880 Lemon Street, Suite 210
         Riverside, California 92501
 6       Telephone:  (951) 276-6211
         Facsimile:  (951) 276-6202
 7       E-mail: Jerry.Behnke@usdoj.gov

 8  Attorneys for Plaintiff
    UNITED STATES OF AMERICA
 9
                    UNITED STATES DISTRICT COURT
10
              FOR THE CENTRAL DISTRICT OF CALIFORNIA
11

12  UNITED STATES OF AMERICA,    )    No. ED CR 07-127(A)-SGL
                                 )
13              Plaintiff,       )    GOVERNMENT'S PROPOSED JURY
                                 )    INSTRUCTIONS
14           v.                  )
                                 )    [ANNOTATED]
15  JOSE LUIS NAZARIO, JR.,      )
                                 )    Trial Date: August 19, 2008
16              Defendant.       )    Trial Time: 9:30 a.m.
                                 )
17
```

Plaintiff, United States of America, through its counsel of record, Assistant United States Attorneys Jerry A. Behnke and Charles J. Kovats, hereby submit the following proposed jury instructions in the above-captioned case.

///
///
///

The government respectfully requests leave to include such other and additional instructions as may become appropriate during the course of trial.

DATED: August 13, 2008     Respectfully submitted,

                            THOMAS P. O'BRIEN
                            United States Attorney

                            SHERI PYM
                            Assistant United States Attorney
                            Chief, Riverside Office

                                /s/
                            _____
                            JERRY A. BEHNKE
                            CHARLES J. KOVATS
                            Assistant United States Attorneys

                            Attorneys for Plaintiff
                            United States of America

## INDEX OF INSTRUCTIONS

| Number | Title | Source | Page |
|---|---|---|---|
| 1 | Law of War - Killing Unresisting Detainee Unlawful | U.S. v. Griffen, 39 C.M.R. 586 (1968); U.S. v. Calley, 22 C.M.A. 534 (1973) | 1 |
| 2 | Voluntary Manslaughter | 9th Cir. 8.91 | 2 |
| 3 | Assault with a Firearm | 9th Cir. 8.92 | 3 |
| 4 | Discharging Firearm During Crime of Violence | 9th Cir. 8.65 | 4 |
| 5 | Causing an Act to Be Done | 9th Cir. 5.1 18 U.S.C. § 2(b) | 5 |
| 6 | Knowingly Defined | 9th Cir. 5.6 | 6 |

GOVERNMENT'S PROPOSED INSTRUCTION NUMBER 1

The conduct of warfare is regulated by law.  The law protects persons not actually engaged in combat and limits the circumstances under which their lives may be taken.  Persons detained or captured by the opposing force, regardless of their loyalties, political views, or prior acts, have the right to be treated humanely.  Summary execution of unresisting detainees or prisoners is forbidden by law.

I therefore instruct you, as a matter of law, that if unresisting human beings were killed in Fallujah, Iraq, as charged in Count One of the First Superseding Indictment, while in the effective custody and control of our military forces, their deaths cannot be considered justified and the act of killing them, as well as any order to do so, would be unlawful.

United States v. Griffen, 39 C.M.R. 586, 588 (1968)
United States v. Calley, 22 C.M.A. 534, 541-542 (1973)

1

GOVERNMENT'S PROPOSED INSTRUCTION NUMBER 2

The defendant is charged in Count One of the First Superseding Indictment with voluntary manslaughter, in violation of Sections 1112 and 3261(a)(2) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant unlawfully killed a human being, with all of you agreeing on a particular human being who you find was killed;

Second, while in the heat of passion, caused by adequate provocation:

    a) the defendant intentionally killed the human being; or

    b) the defendant killed the human being recklessly with extreme disregard for human life;

Third, the killing occurred in Fallujah, Iraq; and

Fourth, at the time of the offense, the defendant was a member of the Armed Forces subject to Chapter 47 of Title 10 (the Uniform Code of Military Justice).

Heat of passion may be provoked by fear, rage, anger or terror. Provocation, in order to be adequate, must be such as might arouse a reasonable and ordinary person to kill.

Ninth Circuit Criminal Jury Instruction No. 8.91 (2003) (modified to add unanimity charge); 18 U.S.C. § 3261(a)

2

GOVERNMENT'S PROPOSED INSTRUCTION NUMBER 3

The defendant is charged in Count Two of the First Superseding Indictment with assault with a dangerous weapon in violation of Sections 113(a)(3) and 3261(a)(2) of Title 18 of the United States Code. In order for the defendant to be guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intentionally struck or wounded a human being, with all of you agreeing on a particular human being who you find was struck or wounded;

Second, the defendant acted with the specific intent to do bodily harm to that human being;

Third, the defendant used a firearm;

Fourth, the assault occurred in Fallujah, Iraq; and

Fifth, at the time of the offense, the defendant was a member of the Armed Forces subject to Chapter 47 of Title 10 (the Uniform Code of Military Justice).

Ninth Circuit Criminal Jury Instruction No. 8.5 (2003) (modified to add unanimity charge); 18 U.S.C. § 3261(a)

3

GOVERNMENT'S PROPOSED INSTRUCTION NUMBER 4

The defendant is charged in Count Three of the First Superseding Indictment with discharging a firearm during a crime of violence, in violation of Sections 924(c)(1)(A)(iii) and 3261(a)(2) of Title 18 of the United States Code. In order for the defendant to be guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of voluntary manslaughter as charged in Count One of the First Superseding Indictment or assault with a dangerous weapon as charged in Count Two of the First Superseding Indictment, with all of you agreeing on a particular crime you find defendant committed;

Second, the defendant knowingly discharged a firearm;

Third, the defendant discharged the firearm during and in relation to the crime;

Fourth, the offense occurred in Fallujah, Iraq; and

Fifth, at the time of the offense, the defendant was a member of the Armed Forces subject to Chapter 47 of Title 10 (the Uniform Code of Military Justice).

The defendant discharged a firearm "in relation to the crime" if the discharge of the firearm facilitated or played a role in the crime.

Ninth Circuit Criminal Jury Instruction No. 8.65 (2003) (modified to add unanimity charge); 18 U.S.C. § 3261(a)

4

GOVERNMENT'S PROPOSED INSTRUCTION NUMBER 5

The defendant may be found guilty of voluntary manslaughter or assault with a dangerous weapon as charged in Counts One and Two of the First Superseding Indictment even if the defendant did not personally commit the act or acts constituting the crime but caused its commission. To prove the defendant guilty of causing a crime to be committed, the government must prove beyond a reasonable doubt:

First, voluntary manslaughter or assault with a dangerous weapon was committed by someone;

Second, the defendant knowingly and intentionally caused the person to commit voluntary manslaughter or assault with a dangerous weapon; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to the person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that defendant acted with the knowledge and intention of causing that person to commit voluntary manslaughter or assault with a dangerous weapon.

The government is not required to prove precisely who committed the crime that defendant caused.

Ninth Circuit Criminal Jury Instruction No. 5.1 (2003) (modified); 18 U.S.C. § 2(b)

5

GOVERNMENT'S PROPOSED INSTRUCTION NUMBER 6

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that defendant knew his acts were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Ninth Circuit Criminal Jury Instruction No. 5.6 (2003)