THOMAS P. O'BRIEN
United States Attorney
SHERI PYM
Assistant United States Attorney
Chief, Riverside Branch Office
JERRY A. BEHNKE (SBN: 180462)
CHARLES J. KOVATS (SBN: 184185)
Assistant United States Attorneys
    3880 Lemon Street, Suite 210
    Riverside, California 92501
    Telephone:  (951) 276-6211
    Facsimile:  (951) 276-6202
    E-mail: Jerry.Behnke@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOSE LUIS NAZARIO, JR., ) <br> ) <br> Defendant. ) <br> _____) | No. ED CR 07-127(A)-SGL <br><br> <u>GOVERNMENT'S TRIAL BRIEF</u> <u>REGARDING ADMISSIBILITY OF</u> <u>TELEPHONE CALL BETWEEN NELSON</u> <u>AND DEFENDANT</u> |

    Plaintiff, United States of America, through its counsel of record, Assistant United States Attorneys Jerry A. Behnke and Charles J. Kovats, hereby submits its trial brief regarding

///

///

///

1  admissibility of the telephone call between defendant and
2  Jermaine Nelson marked as government's exhibits 46 and 46A.
3  DATED: August 26, 2008           Respectfully submitted,
4                                   THOMAS P. O'BRIEN
                                    United States Attorney
5
                                    SHERI PYM
6                                   Assistant United States Attorney
                                    Chief, Riverside Branch Office
7
                                         /s/
8                                   _____
                                    JERRY A. BEHNKE
9                                   CHARLES J. KOVATS
                                    Assistant United States Attorneys
10
                                    Attorneys for Plaintiff
11                                  United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant has objected to the admissibility of the telephone call between Jermaine Nelson and defendant (government's exhibits 46 and 46A) on the grounds that the statements of Nelson are barred by the Confrontation Clause and the Supreme Court's decision in Crawford v. Washington, 541 U.S. 36 (2004). The government is not seeking to elicit the statements of Nelson for the truth of the matter asserted. Rather, the government is seeking to introduce Nelson's statements on the telephone call for the non-hearsay purpose of explaining and placing into context defendant's statements. Therefore, the Confrontation Clause is not implicated and the entire conversation is admissible. See United States v. Hendricks, 395 F.3d 173, 183-184 (3d Cir. 2005) (holding recorded conversation between defendant and unavailable informant admissible because informant's statements in conversation admitted for non-hearsay purpose of placing other statements in context).