Kevin B. McDermott, Esq.  (CB#109182)
17452 Irvine Blvd #200
Tustin, CA 92680
Telephone:  (714) 731-5297
Fax:  (714) 731-5649
warlawyer@aol.com

Douglas L. Applegate, Esq. (CB# 109155)
dlapplegate@earthlink.com

Joseph M. Preis, Esq. (CB#212998)
Pepper Hamilton, LLP
4 Park Plaza, 12th Floor
Irvine, CA 92614
Telephone:  (949) 567-3500
Fax:  (949) 863-0151
preisj@pepperlaw.com

Attorneys for Defendant Jose Luis Nazario, Jr.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE LUIS NAZARIO, JR.,<br><br>Defendant. | Case No.  ED CR 07-127 SGL<br><br>**MOTION FOR JUDGMENT OF ACQUITTAL**<br><br>Judge Stephen G. Larson<br><br>Action Filed: 9/4/07 |

NOW COMES THE DEFENDANT, JOSE LUIS NAZARIO, and respectfully requests that this Court enter a judgment of acquittal based on the government's failure to introduce sufficient evidence of the charges alleged.

10004271.1                                                        1

**MOTION FOR JUDGMENT OF ACQUITTAL**

## I. INTRODUCTION

Jose Nazario has been charged with manslaughter and assault with a deadly weapon – two crimes that require the government to identify a specific victim. However, the government has utterly failed to prove that any of the alleged victims are actually deceased, nor has the government attached a name, or even a sufficient physical description, to any of the alleged victims. As a result, Jose Nazario is entitled to a judgment of acquittal.

The government's lack of proof in this case is unprecedented in that there is no reported case nationwide, State or Federal, where, like here, a defendant was prosecuted for killing another human being 1) without a corpse; and 2) without an identified victim or any physical evidence. Such a failure of victim identification creates two problems:

(1) Without producing a body, a name, or any testimony that any specific individual is missing, the government cannot prove that any alleged victim is deceased, rendering the manslaughter charge insufficient on its face; and

(2) Failure to identify the victim creates a severe double jeopardy problem. Without a sufficient victim identification Sgt. Nazario is exposed to a future charge based on the same crime – a situation that violates Sgt. Nazario's Fifth Amendment rights.

For these reasons, Sgt. Nazario respectfully urges the Court to enter a judgment of acquittal in this case.

## II. ARGUMENT

### A. Legal Standard

A defendant is entitled to a judgment of acquittal if the evidence produced against him is insufficient to sustain a conviction. Fed. R. Crim. Pro. 29(a); *United States v. Hazeem*, 679 F.2 d 770, 772, (9th Cir 1982). A judgment of acquittal should be granted where "there is no interpretation of the evidence that would allow

a reasonable jury to find the defendant guilty beyond a reasonable doubt." *United States v. Gomez*, 165 F.3d 650, 654 (8th Cir. 1999); *see also United States v. Alarcon-Simi*, 300 F.3d 1172, 1176 (9th Cir. 2002) (relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt). *United States v. Rojas*, 554 F.2d 938, 943 (9th Cir. 1977); *United States v. Dior*, 671 F.2d 351, 357 (9th Cir. 1982).

**B. Argument**

**1. The government has failed to prove that any of the alleged victims is "deceased"**

"It is a most elementary rule of law that in a murder case the prosecution must not only prove that the victim named in the specification is dead but also that the act or omission of the accused caused the death of that particular person." *United States v. Robins*, 7 C.M.R. 314, 320 (ACMR 1953) (*citing Cooper v. State,* 26 Ala. App. 326 (1935); *Branch v. State*, 94 Fla. 286 (1927); *State v. Smith*, 160 La. 503 (1926); *Thomas v. State*, 33 Ga. App. 677 (1925); *Bolden v. State*, 140 Tenn. 118 (1918)). Thus, at its most basic level, a manslaughter charge rests on the allegation that the victim is deceased and, absent such proof of death, any manslaughter charge must fail. In this case the government has failed to present evidence that any of the alleged victims is deceased.

The lack of physical evidence in this case is striking. Most notably, the government has not produced any corpses, photos of the deceased, or autopsy reports. In a "typical" manslaughter case, the jury is presented with photos of the deceased either at the crime scene or on the autopsy table. Even if a corpse is never recovered, the jury is still presented with photos of the alleged missing person so that the jury can identity the specific victim of the crime. In this case, however, the jury was not presented with a photo of any victim, dead or alive, let alone a photo taken at an autopsy.

Moreover, the government has failed to present any circumstantial evidence that the victims are deceased. There has been no testimony, from anyone, that any specific individual was alive on Nov. 9, 2004, and deceased on Nov. 10, 2004, as a result of the defendant's actions.[1] The jury has not heard the testimony of any of the victims' family members, friends, colleagues or even acquaintances to testify that they are missing. Therefore, no reasonable juror could conclude that any of the alleged victims is even a missing person, let alone a deceased person.

Finally, the jury has not heard any evidence regarding even the most rudimentary examination of the alleged corpses. No one examined the alleged victims at the scene to determine the extent of their wounds or check their vital signs. The only evidence the government has offered is the testimony of several Marines who saw bodies on the floor – yet none of those Marines performed any examination of the bodies, such as a check for a pulse. Simply put, there is no evidence, whatsoever, that any of the four alleged victims are not currently alive and well, and no evidence that a reasonable juror could rely on to find, beyond a reasonable doubt, that any of the alleged victims is deceased.

### 2. The government has failed to sufficiently identify any of the alleged victims

The government has also failed to offer evidence, beyond the name John Doe, from which a juror could specifically identify any of the alleged victims. This lack of evidence prevents any reasonable juror from reaching a guilty verdict in this case for two reasons:

---

[1] *See People v. Combs*, 22 Cal.Rptr.3d 61 (Cal 2004) (evidence of murder victim's sister's identification of victim was relevant to prove that victim was a human being who had been alive before the alleged criminal act and was dead afterwards). The government has not offered any such proof in this case and cannot show that any of the alleged victims were specifically alive before the alleged event and deceased afterwards.

**(a) Lack of victim identification results in an insufficient indictment and, in turn, insufficient proof at trial**

"It is well settled in both military and civil law that failure to establish identity, by name or other description, of a victim of a homicide alleged, is fatal error." *United States v. Pribis*, 1 C.M.R. 734, 737 (AFCMR 1951); s*ee also United States v. Wells*, 1 C.M.R. 279, 280 (ACMR 1951); *United States v. Joe*, 8 F.3d 1488, 1499 (10th Cir. 1993 (government has the burden of proving the identity of the alleged victims); *United States v. Pettigrew*, 468 F.3d 626, 638 (10th Cir. 2006) (cert den. 127 S.Ct 1343 (2007)); 26 Am Jur, Homicide § 250. It is essential to the defendant's ability to prepare a defense that a victim be sufficiently identified. *See James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994) (citing *Gautt v. Lewis*, 489 F.3d 993, 1003 (9th Cir. 2007) (to determine whether defendant had adequate notice, Court looks to indictment, the purpose of which is to provide sufficient detail to defendant to prepare a defense); *U.S. v. Dailey*, 37 M.J. 1078 (NMCMR 1993) (to determine if variance in victim identification prejudiced the defense, Court must determine whether defense could adequately prepare for trial and whether accused is fully protected for prosecution for the same offense); *People v. Tostado*, 416 N.E.2d 353, 357 (Ill. App. 1981) ("the identity of the victim as charged in the indictment must be proved by the State so that a defendant can prepare his defense and also to avoid double jeopardy problems").

Stated another way, an indictment "must be so certain as to the party against whom the offense was committed that the person indicted may know and understand whom he or she is charged with having killed." *Roberts v. State*, 25 Ala.App. 477, 478 (1933); *see also Hutson v. State,* 202 Md. 333, 338 (1953) ("the rule is that the name of the person injured by the offense charged must be stated, and a failure to state it, or a material variance between the statement and the proof, is fatal (*quoting* 2 Wharton, Criminal Evidence (11th Ed.) sec. 1048, p. 1845)).

Unlike the majority of cases to address this issue, where there was at least an attempt to identify the victim, in this case there was no attempt to even *describe* the victim, resulting in very real prejudice to the accused and the inability for any reasonable juror to conclude that the defendant killed a particular individual.

*U.S. v.* Schreiber, 16 C.M.R. 639, 660 -661 (AFCMR 1954) and *U.S. v. Robins*, 7 C.M.R. 314 (ACMR 1953) are both illustrative of the issues facing this Court. In *Schreiber*, the Court noted that an indictment is not defective in failing to set out the name of the victim, provided that the victim is sufficiently described to particularize the offense charged *Id.* (*citing* 27 Amer Jur Indictments & Informations, §§ 80, 82; 42 CJS Indictments & Informations, §142a; 26 Amer Jur Homicide, § 250). The Court found the indictment sufficient in *Schreiber* because the proof established that the victim was "an Oriental male human being" and the court had photographs of the victim, the particular injuries sustained by the victim, and evidence of the locality and circumstances of the incident. *Id.* However, the government in this case has presented <u>none</u> of the evidence provided to the Court in *Schreiber*. The jury has not been presented with photos of the deceased, nor have they been instructed about the nature of the alleged injuries. Furthermore, the evidence regarding the locality and circumstances of the incident serves only to add additional confusion as to the identity of the alleged victims. Unlike *Schreiber*, where the location of the parties added credibility to the victim identification, here the alleged incident took place in Fallujah, Iraq – a city without residents located in the middle of a war zone. There is simply no way for the government to prove the nationality of the alleged victims, let alone their names.

In Robins, the record at trial showed that one of the accused, Wood, fired a rifle at a Korean, described by witnesses only as "a Korean fellow" or an "ROK soldier." *Robins*, 7 C.M.R. at 322. The only evidence supplying a link in identity between the person who died and the person shot by the accused were the pretrial statements of the co-defendant, who stated that the alleged victim and Wood knew

each other and that the witness "believed" that the man he saw at the hospital was the victim. The Court held that guilty verdicts could not be approved on such evidence because the record "is far too equivocal to say that it identified beyond a reasonable doubt the person whom the accused Wood shot on the previous day or, for that matter, any certain individual among the thousands of ROK soldiers." *Id*. at 320. Evidence of the alleged victims in this case is similarly lacking, and is actually *weaker* than the evidence considered in *Robins*. In *Robins*, the indictment did allege the name of a specific victim, and the testimony at trial referred to the identification of specific individuals linked to the defendant. By contrast, there is no name attached to any alleged victim in this case, nor has any witness pointed to a picture or description of any of the alleged victims. Thus, as the Court in *Robins* noted, there has been no identification of any specific individual Sgt. Nazario allegedly shot, or any certain individual among the thousands of enemy combatants in Iraq in 2004. Due to this lack of evidence no reasonable juror could conclude, beyond a reasonable doubt, that Sgt. Nazario is guilty of killing any particular individual.[2]

**(b)    The government's lack of evidence violates Sgt. Nazario's Fifth Amendment rights.**

The Fifth Amendment to the United States Constitution forbids "any person be subject for the same offense to be twice put in jeopardy of life or limb." The double jeopardy clause protects against a second prosecution for the same offense after either an acquittal or conviction. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). In order to sufficiently protect the Fifth Amendment rights of a defendant, an indictment must provide sufficient information to enable the defendant to

---

[2] *See also Wells*, 1 C.M.R. at 280 (holding specification that alleged manslaughter of an unknown Korean national constitutes "a failure of proof establishing the identity of the victim alleged. . ."). The same rationale applies to this case – the government alleges the manslaughter of unknown males from unknown countries, making a sufficient victim identification impossible.

10004271.1                                        7

**MOTION FOR JUDGMENT OF ACQUITTAL**

investigate his case and dispute the charges against him. *United States v. Tsinhnahiginnie*, 112 F.3d 988 (9th Cir. 1997). "To hold otherwise would, in effect, require the accused to defend himself against a charge, not only of the killing of a victim named or otherwise described in the specification, but also of the homicide of any other person occurring at about the time and places alleged." *Pribis*, 1 C.M.R. at 737.

The constitutional requirement that the accused be entitled to a description of the particular act alleged to have been committed is not a mere technicality. The purposes served by the constitutional requirement include "(i) to put the accused on notice of what he is called upon to defend by characterizing and describing the crime and conduct; (ii) to protect the accused from a future prosecution for the same offense; (iii) to enable the defendant to prepare for his trial; (iv) to provide a basis for the court to consider the legal sufficiency of the charging document; and (v) to inform the court of the specific crime charged so that, if required, sentence may be pronounced in accordance with the right of the case." *Ayre v. State,* 291 Md. 155, 163-64, 433 A.2d 1150 (1981). The *Ayre* Court went on to elaborate on the significance of proper charging:

> We deal here not with hypertechnical rules of pleading which plague unwary prosecutors and free fortuitous defendants, but rather a requirement imposed upon the State as a constitutional minimum. As was stated by Chief Judge Marbury for this Court over thirty-five years ago: To the lay mind all of these things are technicalities which should not interfere with prosecution for a crime. This point of view is based upon an assumption, which may be true in many cases, that the party charged knows what he is charged with, and therefore he is not harmed if the crime is not very definitely defined. The purpose of requiring an indictment, however, and of requiring that indictment to set specifically the crime charged, is to protect the innocent man who may

be wrongfully charged and who may know nothing whatsoever about the crime... *An objection made on the ground that an indictment fails in these particulars is not a technical objection; it is one that goes to the very heart of the law, and it must be seriously dealt with*.

*Id.* at 165-66 (emphasis added); *see also U.S. v. Dailey*, 37 M.J. 1078 (NMCMR 1993) (to determine if variance in victim identification prejudiced the defense, Court must determine whether defense could adequately prepare for trial and whether accused is fully protected for prosecution for the same offense).

In this case, the insufficiency of the indictment, followed by the insufficient evidence at trial, creates a severe double jeopardy problem for Sgt. Nazario. By failing to identify the alleged victims, the government has made it impossible for Sgt. Nazario to fully prepare his defense. For example, Sgt. Nazario was unable to investigate whether any of the alleged victims are actually deceased because, without such basic information as their names or country of residence, such an investigation is akin to a search for a needle in the world's largest haystack. In addition, the lack of evidence regarding the alleged victims will make it impossible for Sgt. Nazario to protect himself if, ten years from now, the government seeks to bring fresh charges relating to the killing of a "John Doe" in Fallujah. Sgt. Nazario is without either a specific charging document or jury verdict with which he can assert, "I have already faced this charge." The John Doe victims are, sadly, exactly as described – anonymous victims who may or may not be from Iraq, who may or may have been in Fallujah, and who may or may not be deceased. This flies in the face of the specificity requirement.

## III. CONCLUSION

Based on the evidence submitted at trial, no rational juror could find, beyond a reasonable doubt, that Sgt. Nazario committed the crimes alleged. The government has failed to produce evidence demonstrating that any of the alleged victims is deceased, nor has the government identified any alleged victim with the

requisite particularity to allow either a unanimous jury finding of guilt or sufficient protection of Sgt. Nazario's Fifth Amendment rights. As a result, Sgt. Nazario asks this Court to enter Judgment of Acquittal in his favor pursuant to Rule 29(a).

Respectfully submitted this 25th day of August 2008.

Dated: August 25, 2008

By: /S/ Joseph M. Preis
Kevin B. McDermott
Douglas L. Applegate
Joseph M. Preis
Attorneys for Defendant,
JOSE LUIS NAZARIO, JR.

10004271.1

10

**MOTION FOR JUDGMENT OF ACQUITTAL**

-i-

MOTION FOR JUDGMENT OF ACQUITTAL